**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ENSA CAMPO,

    Plaintiff,

v.                                          Case No. 3:16-cv-1586-J-34JBT

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on GEICO General Insurance Company's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Dkt. No. 11; Motion) filed on February 16, 2017. In the Motion, GEICO seeks dismissal of Count II asserting that Plaintiff's claim for bad faith set forth in Count II of the First Amended Complaint must be dismissed because no such cause of action has accrued. See Motion at 2. GEICO further asserts that the claim in Count II should be dismissed for failure to assert sufficient facts to show that Plaintiff is entitled to the relief she seeks. See id. Plaintiff has responded to the Motion. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. No. 21; Response). In the Response, Plaintiff does not challenge the assertion that her bad faith claim has not yet accrued. See generally Response. Instead, she argues that abatement rather than dismissal is appropriate, whereas here, the bad faith claim is pled along with another claim – in this case, the breach of contract claim set forth in Count I. See id. at 2; See First Amended Complaint (Dkt. No. 8) at 3-4. Additionally, Plaintiff argues that the facts she

alleges in Count II are sufficient to state a cause of action.  See Response at 2.  Upon review, the Court determines that Plaintiff's bad faith claim in Count II is prematurely filed. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991).

Florida courts recognize that where a bad faith claim is filed prematurely, either dismissal or abatement is proper.  See Safeco Ins. Co. of Ill. v. Rader, 132 So. 3d 941, 948 (Fla. 1st DCA 2014) (if a bad faith claim is premature it should be dismissed without prejudice or abated); see also Safeco Ins. Co. of Ill. v. Beare, 152 So. 3d 614, 617 (Fla. 4th DCA 2014); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008).  Upon review of the First Amended Complaint and the arguments presented, the Court is of the view that the better course of action in this particular case is to dismiss the bad faith claim set forth in Count II without prejudice.[1]  As such, the Court need not address GEICO's remaining arguments.

In light of the foregoing, it is **ORDERED:**

1. GEICO General Insurance Company's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Dkt. No. 11) is **GRANTED**, to the extent that it seeks dismissal of Count II without prejudice, and otherwise **DENIED**.

2. Count II of Plaintiff's First Amended Complaint is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of May, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[1] In doing so, the Court expresses no view as to the jurisdictional challenge asserted by GEICO.

Copies to:

Counsel of Record